IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY M. ANDRE,

        Plaintiff,

v.                                    CIV-08-1145 LAM/LFG

U.S. NEW MEXICO
FEDERAL CREDIT UNION,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AGE DISCRIMINATION CLAIM

**THIS MATTER** is before the Court on *Defendant's Motion to Dismiss Age Discrimination Claim* (*Doc. 3*) (hereinafter "*Motion to Dismiss*"), filed on December 19, 2008. Plaintiff filed *Plaintiff's Response to Defendant's Motion to Dismiss Age Discrimination Claim (Doc. 5)* (hereinafter "*Response*"), on January 9, 2009, and Defendant filed *Defendant's Reply in Support of Its Motion to Dismiss Age Discrimination Claim (Doc. 9)* (hereinafter "*Reply*"), on January 23, 2009. The Court has considered the motion, response, reply, and relevant law, and **FINDS,** for the reasons set forth below, that the motion is well-taken and should be **GRANTED** and that Plaintiff's claim for age discrimination should be dismissed without prejudice. Additionally, the Court **FINDS** that Plaintiff should be **GRANTED** a period of ten (10) days after entry of this memorandum opinion and order in which to file a motion for leave to file an amended complaint asserting allegations of age discrimination or face dismissal of that claim with prejudice.

*Background*

Plaintiff is suing her former employer, U.S. New Mexico Federal Credit Union, claiming (1) age discrimination under the Age Discrimination in Employment Act (hereinafter "ADEA") and Title VII of the Civil Rights Act, and (2) disability discrimination under the Americans with Disabilities Act (hereinafter "ADA"). *See* **Complaint for Damages** *(Doc. 1-3)* at 3, 4. On December 12, 2008, Defendant removed the case to this Court. *See* **Defendant's Notice of Removal** *(Doc. 1)*. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, based on federal question jurisdiction, and jurisdiction is not in dispute.

Defendant's **Motion to Dismiss** seeks the dismissal of Plaintiff's claim for age discrimination under the ADEA and Title VII pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant contends that "Plaintiff's age discrimination claim is devoid of factual matter, and epitomizes speculation." **Motion to Dismiss** *(Doc. 3)* at 3 (citation omitted). Defendant argues that

> Plaintiff does not provide any information regarding the alleged harassment and disparate treatment[;] [s]he does not identify any alleged harasser, any dates or even time frame of the alleged harassment[;] [n]or does she identify any terms or conditions of employment in which she was allegedly treated differently, how her treatment was different, who her treatment was different from, or who treated her differently.

*Id.* at 3.

In response, Plaintiff argues that Defendant's motion should be denied because Plaintiff's allegations that "she was 'adversely affected in the terms and conditions of her employment, as she was harassed and subjected to disparate treatment and discipline,'[] and that she 'was treated differently . . . than similarly situated, younger employees,'" are sufficient to state a claim for age

2

discrimination.  ***Response*** *(Doc. 5)* at 3 (quoting ***Complaint for Damages*** *(Doc. 1-3)* at 3-4).  In addition, Plaintiff contends that she "gave specific factual instances of how she was treated differently than similarly situated coworkers," by alleging that Plaintiff was disciplined for dress code violations, harassed for leaving the teller line and taking bathroom breaks, and given a ninety-day termination notice.  ***Response*** *(Doc. 5)* at 3 (citing ***Complaint for Damages*** *(Doc. 1-3)* at 2-3).  Plaintiff states that, "[w]hile Plaintiff strongly disagrees with Defendant's Motion for the reasons set forth above, in the alternative, any potential pleading issue should properly be corrected through amendment, not dismissal." ***Response*** *(Doc. 5)* at 4.  Plaintiff asks the Court to allow her to amend her complaint "to specifically reference more specific facts supporting her claims."  *Id.*

Defendant states in its ***Reply*** *(Doc. 9)* that Plaintiff's allegations do not "suggest intentional and unlawful age discrimination" (*id.* at 2 (quotation marks omitted)), and they "seem to parallel the allegations supporting Plaintiff's failure-to-accommodate claim in Count II of the Complaint."  *Id.* at 3.  Moreover, Defendant opposes Plaintiff's request for the Court to allow Plaintiff "the opportunity to engage in a fishing expedition to discover whether there might be any facts that could be grounds for a claim of age discrimination."  *Id.* at 3.

### *Legal Standards*

As an initial matter, the Court addresses the applicable standard of review for a motion brought pursuant to Fed. R. Civ. P. 12(b)(6).  The Supreme Court has ruled that the standard of review previously applied under Fed.R.Civ.P. 12(b)(6) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), is "best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3

127 S.Ct. 1955, 1968-69 (2007). The Tenth Circuit has recently reviewed the ruling in *Twombly*, in *Robbins v. Oklahoma ex rel. Dept. of Human Serv.*, 519 F.3d 1242 (10th Cir. 2008), and noted that the Supreme Court in *Twombly* rejected the prior "no set of facts" standard, and instead announced a revised standard: "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 127 S.Ct. at 1974). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007)) (emphasis in original). The Court, for purposes of analyzing a motion to dismiss, pursuant to Rule 12(b)(6), must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (quotation and citation omitted).

### *Factual Allegations in Plaintiff's Complaint*

In her complaint, Plaintiff alleges that in February, 1990, she was hired by Defendant to work as a teller, and she worked as a teller throughout her employment with Defendant. ***Complaint for Damages** (Doc. 1-3)* at 2. She states that "[t]hroughout [her] employment, she has been a hardworking, satisfactory employ[ee] of Defendant." *Id.* In 1996, she states she was diagnosed with hypoglycemia, and that after this diagnosis she "submitted documentation from her treating physician where Defendant was put on notice that Plaintiff would need frequent small meals and/or snacks every three hours." *Id.* Plaintiff alleges that "[i]nitially, and for a number of years, Defendant

4

honored this request for a reasonable accommodation, and treated Plaintiff consistent with her physician's instructions."

Plaintiff states that "[o]n or about June 8, 2007, and continuing to this time, Plaintiff has been treated differently than coworkers." *Id.* Plaintiff states that "[s]he was disciplined for alleged dress code violations;" "was falsely accused of leaving the Teller line, though she was taking a break that was already approved;" and "Defendant also had made it difficult for Plaintiff to take bathroom breaks." *Id.* Plaintiff alleges that "[a]round this same time, Defendant added a requirement that Plaintiff seek approval before taking a break or using the restroom," and that "[n]o other employee in her branch is required to do so." *Id.* at 3. Plaintiff alleges that "Defendant proceeded to discipline Plaintiff, and give her a ninety-day termination notice." *Id.* Plaintiff concludes that she "was treated differently in the terms and conditions of her employment than other similarly situated, younger employees." *Id.* at 4. Plaintiff states that she is 58 years old. *Id.* at 3.

*Analysis*

The elements of Title VII and ADEA cases for age discrimination "each closely parallel the other," and "[i]n either case the plaintiff must show: (1) she is a member of the class protected by the statute; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class." *Sanchez v. Denver Pub. Schools*, 164 F.3d 527, 531 (10th Cir.1998) (citations omitted). In addition, for Plaintiff to state a claim under the ADEA, she must plead that age "actually" motivated the employer's decision. S*ee Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1004 (10th Cir. 1996), *cert. denied*, 417 U.S. 1245 (1996), (citation omitted).

The Court finds that Plaintiff's allegations fail to state a claim for age discrimination because Plaintiff fails to provide any information regarding her alleged disparate treatment. As Defendant points out, Plaintiff "does not identify any alleged harasser, any dates or even time frame of the alleged harassment," "or . . . any terms or conditions of employment in which she was allegedly treated differently, how her treatment was different, who her treatment was different from, or who treated her differently." ***Motion to Dismiss*** *(Doc. 3)* at 3. Plaintiff has not alleged that Defendant made any decisions based on age, nor has she alleged any facts indicting that her employer's alleged actions were in any way motivated by age. There are simply no well-pleaded factual contentions alleged regarding her age. Plaintiff's ***Complaint for Damages*** *(Doc. 1-3)* gives the Court no reason to believe that "[P]laintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins*, 519 F.3d at 1246. Therefore, the Court concludes that Plaintiff fails to state a claim for age discrimination in her ***Complaint for Damages*** *(Doc. 1-3)* and those claims can be dismissed under Rule 12(b)(6).

Plaintiff has not filed a motion to amend her ***Complaint for Damages*** *(Doc. 1-3)*. However, Plaintiff's ***Response*** *(Doc. 5)* to Defendant's ***Motion*** *(Doc. 3)* suggests that it may be possible for Plaintiff to amend her ***Complaint for Damages*** *(Doc. 1-3)* to assert factual allegations which support her age discrimination claim. Decisions on the merits are generally favored under the Federal Rules of Civil Procedure and the purpose of allowing amendments to pleadings is to resolve litigation on the merits. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Therefore, notwithstanding the Court's decision to grant Defendant's ***Motion*** *(Doc. 3)*, the Court will dismiss Plaintiff's age discrimination claim without prejudice and will give Plaintiff ten (10) days after entry of this memorandum opinion and order to file a motion under Fed. R. Civ. P. 15(a) for leave to file an

amended complaint asserting allegations of age discrimination. If Plaintiff does not file such a motion within that time period, the Court will dismiss her age discrimination claim with prejudice. If Plaintiff should file an amended complaint containing sufficient facts to state a claim for age discrimination, Defendant may file any appropriate motion including a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and/or a motion for summary judgment under Fed. R. Civ. P. 56.

*Conclusion*

Defendant's *Motion to Dismiss (Doc. 3)* should be **GRANTED**, and Plaintiff's claim for age discrimination should be **DISMISSED WITHOUT PREJUDICE**. Plaintiff should be given **ten (10) days** to file a motion under Fed. R. Civ. P. 15(a) for leave to file an amended complaint containing sufficient facts to state a claim for age discrimination and, if Plaintiff fails to do so, her age discrimination claims should be **DISMISSED WITH PREJUDICE**.

**IT IS THEREFORE ORDERED** that Defendant's *Defendant's Motion to Dismiss Age Discrimination Claim* (*Doc. 3*) is **GRANTED**, and Plaintiff's claim for age discrimination in her *Complaint for Damages (Doc. 1-3)* is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion under Fed. R. Civ. P. 15(a) for leave to file an amended complaint containing sufficient facts to state a claim for age discrimination **within ten (10) days** after entry of this memorandum opinion and order; **provided that, if Plaintiff fails to do so, her age discrimination claim will be dismissed with prejudice**.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**
**Presiding by Consent**

7